### PEARSALL v. MINING & DEVELOPING CO. OF NEW YORK et al.

(Supreme Court, Appellate Term. November 10, 1904.)

1. ACTION ON CONTRACT—PROOF OF EXECUTION.
Where the action was brought on a contract against three defendants, but before trial it was discontinued as to one defendant, and the undisputed evidence showed that the contract was made only by the defendant against whom the action was dismissed, a motion to dismiss the complaint for failure of proof should have been granted.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by W. Montague Pearsall against the Mining & Developing Company of New York and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Edward Riegelmann, for appellant Etowah Gold Mining & Milling Co.

A. Wells Stump, for appellant James L. Frazee.

John Loew, for respondent.

FREEDMAN, P. J.  The plaintiff is an advertising agent, and this action was brought against the three above-named defendants, the complaint alleging that the Mining & Developing Company was a domestic corporation; that the Etowah Gold Mining & Milling Company was a foreign corporation; and that the plaintiff rendered services to defendants (doubtless meaning all) in causing advertisements of their business to be inserted in certain newspapers at the agreed price of $94.25.  No connection between the three defendants is set forth, nor anything to show whether or not the defendants are or were jointly or severally liable for plaintiff's services.  Each defendant appeared by separate attorney, and each denied the allegation of the complaint by separate answers. Prior to the trial of the case the action was discontinued as to the defendant the Mining & Developing Company.  Upon the trial plaintiff produced but one witness—W. W. George—who swore that he was one of the plaintiff's managers.  His evidence fails to create a liability upon the part of either of the defendants.  He testified that the alleged contract for advertising was made with the defendant Frazee, "representing, as I understand, the Etowah Company and the Gold Mining & Milling Company."  This was all the evidence given tending to show that the Etowah Company had authorized the insertion of any advertisements.  Testimony sought to be elicited from the witness on cross-examination as to whether or not Frazee had any authority to represent the Etowah Company was excluded by objection made by counsel for the plaintiff, and sustained by the court.  For the defendants, Frazee testified that he was the president of the Mining & Developing Company; that he asked George about November 1st to make an estimate for inserting an advertisement for that company in 150 newspapers; that George submitted that estimate, which was for the sum of $56.25; that on November 12th George stated that the advertisement had appeared in 150 newspapers, and asked for a check; that he (witness) told George that he would not give a check until he knew that the advertisements had appeared in all the papers; that George then said that if a check was given him, and he failed to produce the papers, credit would be given to the Mining & Developing Company for all papers not produced.  The check was given in full for $56.25; that George was then ordered to insert the advertisement on the following Sunday in the same papers upon the same terms; that upon the second bill for inserting the advertisements the witness paid $20 and claimed a credit for the papers in which the first advertisement had not appeared; and that no proof of the publication of any of the second advertisements had been produced.  This testimony was not disputed.  It appears uncontradicted that plaintiff received upon his first bill of $56.25 payment in full, and upon the second bill, of the same

amount, the sum of $20, and that there should also be deducted therefrom certain sums for failure to publish the advertisements in the 150 papers called for by the contract between the parties; and that the contract made was with the defendant as to whom the action was discontinued, and not with the defendant the Etowah Company or the defendant Frazee individually.

The motion by the defendants' counsel at the close of the plaintiff's case and again at the close of the whole case for a dismissal of the complaint for failure of proof should have been granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.